IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2016-FL

| | | |
|---|---|---|
| SHARU BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN HOLLENBACK, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on the respondent's motion to dismiss (DE 9). The issues raised here have been fully briefed and are ripe for adjudication.

## BACKGROUND

On March 11, 2008, petitioner, a federal inmate, was convicted by a jury in the United States District Court for the Western District of North Carolina of conspiracy to possess with intent to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. § 846 (2006) (count one), possession with intent to distribute at least 100 kilograms of marijuana and aiding or abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2006) (count two), and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006) (count four). See United States v. Bey, 414 F. App'x 570, 571 (4th Cir. 2011) (per curiam), cert denied, 132 S. Ct. 267 (2011). Petitioner was acquitted of using and carrying a firearm in furtherance of a drug trafficking crime (count three). Id. at 572 n. *. On January 14, 2010, the district court sentenced petitioner to a term of 324 months imprisonment for counts one and two and to a term of 120 months

imprisonment for count four, to run concurrently, as well as to supervised release for eight years and two years respectively, also to run concurrently. United States v. Bey, No. 3:07-cr-79-FDW-2 (W.D.N.C. Jan. 14, 2010). On March 4, 2011, the United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence. Bey, 414 F. App'x 570. His petition for certiorari to the United States Supreme Court was denied. See Bey v. United States, 132 S. Ct. 267 (2011).

On November 8, 2011, petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 in his sentencing court. Bey, No. 3:07-cr-79-FDW-2 (W.D.N.C. Nov. 8, 2011). On November 30, 2011, the district court dismissed and denied the section 2255 motion and denied a certificate of appealability. Id. (W.D.N.C. Nov. 30, 2011). Petitioner appealed. Id. (W.D.N.C. Dec. 28, 2011). On June 6, 2012, the Fourth Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability. United States v. Bey, 474 F. App'x 100 (4th Cir. 2012) (per curiam).

In the interim, on December 20, 2011, petitioner filed a motion in his sentencing court to alter or amend his criminal judgment. Bey v. United States, No. 3:11-cv-566-GCM (W.D.N.C. Dec. 20, 2011). On January 30, 2012, the court denied the motion. Id. (W.D.N.C. Jan. 30, 2012).

On October 24, 2012, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, and contended that the jury instructions at his trial were erroneous. Bey v. Levister, No. 5:12-hc-2266-FL (E.D.N.C. October 24, 2012). On January 24, 2013, the court dismissed the petition without prejudice for lack of jurisdiction. Id. (E.D.N.C. Jan. 24, 2013). On February 11, 2013, petitioner filed a motion to alter or amend the dismissal of his § 2241 petition. Id. (E.D.N.C. Feb. 11, 2013). The court denied the motion to alter or amend the judgment. Id.

2

(E.D.N.C. May 31, 2013). On October 31, 2013, the Fourth Circuit affirmed. Bey v. Levister, 545 F. App'x 203 (4th Cir. 2013) (per curiam).

On July 10, 2013, petitioner filed a motion in his sentencing court, which that court construed as successive § 2255 motion, seeking a sentence reduction based on the United States Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). United States v. Bey, No. 3:07-cr-79-FDW-2 (W.D.N.C. July 10, 2013). On July 12, 2013, the sentencing court denied the § 2255 motion and denied a certificate of appealability. Id. (W.D.N.C. July 12, 2013) (Text-Only Order). On July 25, 2013, petitioner appealed. Id. (W.D.N.C. July 25, 2013). On December 23, 2013, the Fourth Circuit Court of Appeals denied a certificate of appealability, and dismissed the appeal. Id. (W.D.N.C. January 7, 2014).

On January 27, 2014, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner claims in his petition that he is actually innocent of his conspiracy conviction because the jury convicted him of conspiring to possess marijuana in an amount other than that charged in the indictment. In support of this claim, petitioner relies on the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2013).[2] After filing his petition, petitioner requested, and was allowed, to

---

[1] Petitioner failed to file his claims on the forms prescribed for use by the court. See (Order (DE 2)) (directing petitioner to file his claims on the proper forms). On February 10, 2014, petitioner filed his petition on the proper forms (DE 3) and directed the court to his initial petition (DE 1) which sets out his claims.

[2] Alleyne, held that an enhancement for brandishing [under 18 U.S.C. § 924(c)] is an element of the offense because it increases the mandatory minimum sentence. Alleyne, 133 S.Ct. at 2163. As an element of the offense, it must either be proved at trial or admitted to by defendant as part of the plea process. Id. Alleyne is an extension of the United States Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that under the Fifth and Sixth Amendments, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt).

3

amend his petition. In his amended petition, petitioner contends that he is innocent of aiding and abetting because the evidence failed to satisfy the requirements for aiding and abetting liability under United States v. Rosemond, 134 S. Ct. 1240 (2014).[3]

On September 19, 2014, respondent filed a motion to dismiss the petition for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. On October 8, 2014, petitioner filed a response to the motion to dismiss.

## DISCUSSION

A.   Standard of Review.

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936): Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D.Va.1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir.1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

---

[3] Rosemond held that in order to aid and abet a § 924(c) offense, a defendant must have advanced knowledge that a firearm will be used or carried. Rosemond, 134 S. Ct. at 1243.

4

B.  Analysis.

Petitioner challenges his convictions pursuant to the United States Supreme Courts rulings in Apprendi, Alleyne, and Rosemond. Although petitioner filed his claims under § 2241, he is attacking the legality of his conviction and sentence. Petitioner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Rice v. Rivera, 617 F.3d 802, 806-08 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997) (en banc); see also Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) ("A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence.") (citing In re Vial, 115 F.3d at 1194).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d at 333-34. In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-334. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. In re Vial, 115 F.3d at 1194 n.5.

5

With respect to his claims, petitioner is unable to meet the second prong of the Jones test[4] because the substantive law has not changed so that his conduct - conspiracy to possess marijuana with intent to distribute and aiding and abetting possession of marijuana with intent to distribute - is no longer criminal.[5] See, e.g., Rice, 617 F.3d at 807. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court, however, cannot convert this section 2241 petition into a section 2255 petition because petitioner has previously filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence of or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2255(h); see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). The Supreme Court's rulings in Apprendi, Alleyne, and Rosemond are not retroactively applicable to cases on collateral review. See United States v. Stewart, 540 F. App'x 171, 172 n. * (4th Cir. 2013) (per curiam) (noting, "Alleyne has not been made retroactively applicable to cases on collateral review"); Francis v. Brooks, 117 F. App'x 890, 890 (4th Cir. 2004) (per curiam) (noting, Apprendi does not apply retroactively to cases on collateral review); see also Jackson v. United

---

[4] Petitioner is mistaken in his belief that this court has found that he "met all three prongs of Jones" by allowing his petition to proceed. (Pet'r.'s Reply pp. 1-3). The court allowed the petition to proceed because it did not clearly appear from the face of the petition that petitioner was not entitled to relief. The court's ruling was not a merits determination.

[5] To the extent that petitioner raises a claim of actual innocence under Alleyne, the court notes that Alleyne did not decriminalize the conduct of which petitioner was convicted - conspiracy to possess marijuana with intent to distribute, or aiding and abetting possession of marijuana with intent to distribute. Rather, Alleyne, a sentencing case, held that any fact, other than a prior conviction, that increases the mandatory minimum sentence is an "element" that must be submitted to the jury. Alleyne, 133 S. Ct. at 2163.

6

States, Nos. 5:11-cr-231-F-1; 5:13-cv-284-F, 2014 WL 4060270, at *4 (E.D.N.C. Aug. 14, 2014) (noting, Alleyne and other rules based on Apprendi do not apply retroactively on collateral review); Whitener v. United States, No. 3:14-CV-00600-MOC, 2014 WL 6808789, at * 2 (W.D.N.C. Dec. 2, 2014) (noting Rosemond not retroactively applicable to cases on collateral review); Moreno v. Snyder-Morse, Civil Action No. 14-CV-106-HRW, 2015 WL 82418, at. *4 (E.D.Ky. Jan. 6, 2015) (same) (collecting cases).[6]

Because petitioner has failed to show that § 2255 is inadequate or ineffective to address his Apprendi, Alleyne, and Rosemond claims, he has failed to satisfy the § 2255 gatekeeping provision. Thus, he may not proceed on this claim under § 2241.

## CONCLUSION

For the reasons stated, the court GRANTS respondent's motion to dismiss for lack of jurisdiction (DE 9). The court DISMISSES without prejudice petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. The court DENIES a certificate of appealability. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 26th day of February, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[6] The court notes that Rosemond applies to convictions for aiding and abetting offenses under 18 U.S.C. § 924(c), which prohibits "us[ing] or carr[ying]" a firearm "during and in relation to any crime of violence or drug trafficking crime." Rosemond, 134 S. Ct. at 1243 (quoting § 924(c)). Petitioner's instant convictions do not involve § 924(c).

7